IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Miguel Moreno,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV-15-00189-TUC-CKJ<br><br>**ORDER** |

      On February 1, 2016, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation (R & R) in which he recommended that the *Pro Se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 be dismissed as untimely and that the Court deny Petitioner's motion to hold the matter in abeyance so he can exhaust ineffective assistance of counsel claims in state court. (Doc. 13.)

      Petitioner was given an extension of time to file objections and filed his objections on March 14, 2016. (Doc. 17.) The State filed its response to the objections on May 4, 2016. (Doc. 21.) The Court has considered the Petition (Doc. 1), Petitioner's Motion to Hold Petition in Abeyance (Doc. 3), Respondents' Answer and Opposition to the Request for a Stay (Doc. 11), Petitioner's Reply (Doc. 12), the R & R (Doc. 13), Petitioner's Objections (Doc. 17), and the State's Response (Doc. 21).

      The Court will adopt the R & R, deny the motion for a stay, and dismiss the case.

///

///

## I. Legal Standard

The Court reviews de novo the objected-to portions of the R & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the R & R. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also, Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

## II. R & R -- Findings and Discussion

Petitioner was convicted in the Superior Court of Pima County of one count of Possession of Marijuana for Sale and one count of Possession of Drug Paraphernalia. (Doc. 11, Ex. A at 2-3.) On January 17, 2012, he was sentenced to concurrent prison terms, the longest of which was 15.75 years. (*Id.*, Ex. B.)

The convictions and sentences were affirmed by the Arizona Court of Appeals on January 17, 2013. (*Id.*, Ex. F.) He sought reconsideration, which was denied on February 14, 2013. (*Id.*, Exs. G, H.) On February 18, 2014, Petitioner filed a Post-Conviction Relief (PCR) Petition. (*Id.*, Ex. J.) The PCR court found the petition untimely and summarily dismissed it on April 23, 2014. (*Id.*, Ex. M.) On review, the Court of Appeals upheld that dismissal. *State v. Moreno*, No. 2-CA-CR 2014-0191-PR, 2014 WL 4639272 (Ct. App. Sept. 17, 2014). The Arizona Supreme Court denied review on April 21, 2015. (Doc. 3 at 4.)

Petitioner filed his Petition for Writ of Habeas Corpus in this Court on May 7, 2015. (Doc. 1.) He simultaneously filed a Notice of PCR, initiating his second PCR proceeding in state court. (*Id.*, Ex. N.)

Respondents claim that all of Petitioner's claims are time-barred because the Petition was filed after the statute of limitations had run. The Magistrate Judge agreed and recommended dismissal. (Doc. 13.)

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The Magistrate Judge applied (d)(1)(A) and determined that direct review of Petitioner's convictions became final and the one-year statute of limitations began to run on March 2, 2013. Specifically, the Arizona Court of Appeals affirmed the convictions in January 2013, and denied his request to reconsider that decision on February 14, 2013. Petitioner's judgment became final fifteen days later, Ariz. R. Crim. P. 31.19, after his time to seek review in the Arizona Supreme Court expired on March 1, 2013. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (assessing § 2244 finality in light of the Arizona rules); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001).

Petitioner maintained that the limitations period should be calculated under 28 U.S.C. § 2244(d)(1)(B) because until April 22, 2015, the State created an impediment to filing his habeas petition—the legal resources available to inmates are too minimal to navigate the AEDPA time calculations. He states that in April, he obtained access to another inmate's legal research materials, which provided him sufficient information to comply with the AEDPA.

The Magistrate Judge rejected this argument, noting that subsection (B) requires that the State impediment violate the Constitution. Therefore, Petitioner must show that he was "altogether prevented [ ] from presenting his claims in *any* form, to *any* court." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009) (citing *Lewis v. Casey*, 518 U.S.

1  343, 350-51 (1996)).  Finding that Petitioner had not met this burden, the Magistrate
2  Judge reasoned that Petitioner conceded he was never denied access to a copy of the
3  AEDPA nor the form on which he ultimately filed his petition. (Doc. 13 at 3.)
4  Furthermore, the form itself contains the language of § 2244(d). (*See* Doc. 1 at 10.)

**III.    Petitioner's Objections to the R & R**

Petitioner concedes that the Magistrate Judge correctly found that the 1-year statute of limitations began to run on March 2, 2013,  pursuant to § 2244(d)(1)(A).  (Doc. 17 at 5.)  But he argues for the first time that the late notice and petition for PCR was due to "intentional attorney sabotage" by his attorney.  (*Id.* at 6.)  Specifically, he asserts that he told his attorney, prior to the filing of the motion for reconsideration on direct appeal, to file a Notice of Post-Conviction Relief, which counsel agreed to do as well as to represent Petitioner. Counsel filed the PCR about 9 months late (not within 30 days of the Appellate Court's Mandate) and claimed a significant change in the law.  (*Id.*)  Petitioner further alleges that "believing his PCR proceedings to be active, he informed counsel of a recent case he happened to hear about"—*Florida v. Jardines*, 133 S. Ct. 1409 (2013). (*Id.*)  Petitioner asserts that it is at this point that counsel actually filed the PCR Notice. The state court found that the action was untimely because *Jardines* is not a significant change in the law that would entitle Petitioner to a state-law exception to preclusion. Petitioner attaches to his objections letters to him from counsel, dated April 24, 2014 and May 23, 2014.  The April letter states that the petition was denied without comment by the state court.  The May letter encloses a copy of the decision and states that counsel did not file late; rather, the judge dismissed the petition because there is an exception to the 90 day rule for filing a Rule 32 if there has been a significant change in the law.  (Doc. 17, Exs.)

The state responds that "intentional attorney sabotage" by private counsel does not constitute an "impediment to filing an application created by State action."  (Doc. 21 at 3.)  The Court agrees; even if actions of private counsel are impediments, they are not impediments <u>created by the State</u>.

The Court also finds that Petitioner has not established an entitlement to equitable tolling based on counsel's actions. Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez*, 571 F.3d at 997. "The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Petitioner has the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner asserts that counsel failed to file a timely PCR notice and that Petitioner did not know the PCR was untimely until April 2014. An attorney's conduct can establish extraordinary circumstances required for equitable tolling, but mere negligence or professional malpractice is insufficient. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). "A garden variety claim of excusable neglect," such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651–652 (2010) (internal citations omitted). Instead, the attorney's misconduct must rise to the level of extraordinary circumstances. In *Holland*, the Supreme Court remanded for further proceedings where the record showed that the attorney:

> failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. [The

attorney] apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. [The attorney] failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And [the attorney] failed to communicate with his client over a period of years, despite various pleas from Holland that [the attorney] respond to his letters.

*Id.* at 652; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.");*Castro*, 292 F.3d 1063 (even though the attorney provided petitioner with erroneous information about the deadline to file, there was no equitable tolling).

Here, Petitioner alleges that his PCR counsel filed the state proceeding late, citing *Jardines* as a change in the law. The State court disagreed, and the PCR was found to be untimely. The attorney advised Petitioner of this immediately. This is nothing more than garden variety attorney negligence. Moreover, Petitioner offers nothing to show his due diligence; Petitioner could have discovered counsel's late filing of the PCR by simply asking his counsel in 2013 if he had filed the PCR and asking for a copy of the document. The late filing could have been ascertained long before April 23, 2014.[1]

---

[1] Compare this to the due diligence of Petitioner Holland:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [the attorney]—the central impediment to the pursuit of his legal remedy—removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to [the attorneys'] failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

*Holland*, 560 U.S. at 652.

1  While Petitioner <u>might</u> have been incorrectly advised by his counsel that the filing was
2  not late, he has made no showing of due diligence.  The Court finds that equitable tolling
3  does not apply and overrules Petitioner's objection.

4  Petitioner also renews his argument that the state created an impediment to timely
5  filing based on the information to which he had access.  (Doc. 17 at 8.)  He claims that
6  the combination of the denial of receiving more than general information and the Arizona
7  Department of Correction denying Petitioner receiving on his own an updated version of
8  *Federal Habeas Corpus Practice and Procedure*, by Hertz and Liebman, was an
9  impediment to timely filing of his petition.  The Court overrules this objection.  Petitioner
10 cites no authority to support his argument.  As the Magistrate Judge correctly stated in the
11 R & R, subsection (B) requires that the State impediment violate the Constitution, and so
12 Petitioner must show that he was "altogether prevented [ ] from presenting his claims in
13 *any* form, to *any* court." *Ramirez*, 571 F.3d at 1000 (citing *Lewis v. Casey*, 518 U.S. 343,
14 350-51 (1996)).  At the very least, the form on which he, in fact, filed his petition
15 contains the language of § 2244(d).  (*See* Doc. 1 at 10.)  Moreover, Petitioner's claim that
16 he told his counsel to file the Notice of PCR before the filing of his motion for
17 reconsideration on direct appeal suggests that Petitioner understood the time limitation.
18 The Court overrules the objection.

19 Petitioner demands an evidentiary hearing, which he argues was not addressed in
20 the R & R.  (Doc. 17 at 9.)  He asserts that such a hearing is necessary to determine
21 equitable tolling.  (*Id*., citing *Roy v. Lampart*, 465 F.3d 964, 974-75 (9th Cir. 2006).  The
22 Court finds that the request for a hearing was implicitly denied in the R & R.  Equitable
23 tolling applies only "if extraordinary circumstances beyond a prisoner's control make it
24 impossible to file a petition on time." *Id*. 465 F.3d at 969.  As the R & R notes, *Roy* and
25 *Whalem/Hunt v. Early*, 233 F.3d 1146, 1149 (9th Cir. 2000) involved cases where the
26 inmates' convictions became final before or soon after the AEDPA came into effect and
27 there were important factual questions raised as to whether the prison libraries possessed
28 the relevant statutory materials within the first year of the AEDPA's application. *Roy*,

- 7 -

465 F.3d at 967-68; *Whalem/Hunt*, 233 F.3d at 1147-48 (noting that the habeas form supplied to the petitioner contained no information about the § 2244(d) limitations period). That is plainly not the case here, and Petitioner offers no extraordinary circumstances. The Court overrules the objection.

Petitioner also asserts that the R & R fails to address his request to amend the petition. (Doc. 17 at 9.) Petitioner does not state when or where in his pleadings he made such a request nor does he state what claims his amendment would raise. The Court is unable to locate such a request and overrules the objection.

As to the certificate of appealability, in a habeas proceeding, a certificate of appealability may issue only if the applicant has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(a), (c)(2). Petitioner has made no such showing.

Finally, although Petitioner asks the Court to stay his Petition so he can exhaust ineffective assistance of counsel claims in state court, this Court agrees with the Magistrate Judge's determination that there is no good cause for a stay because the habeas petition is untimely. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005) (explaining that the stay and abeyance procedure is designed to protect a petitioner who *timely* files a petition that includes unexhausted claims).

In sum, after an independent review of the record, the Court will adopt the R & R.

**IT IS ORDERED**:

1. The Report and Recommendation (Doc. 13) is **adopted**;

2. Petitioner's Motion to Hold Petition for Writ of Habeas Corpus in Abeyance (Doc. 3.) is **denied**; and

3. The *Pro Se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) is **dismissed**.

///

///

1    4.	A certificate of appealability is denied because Petitioner has not made a
2 substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(a), (c)(2).
3        Dated this 16th day of June, 2016.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge