**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Miguel Angel Moreno, | No. CV-15-00189-TUC-CKJ (DTF) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On May 14, 2019, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R&R") (Doc. 48) in which he recommended that Petitioner's Supplemental Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be dismissed on its merits. On June 3, 2019, Petitioner Ramon Moreno timely filed his objections to the R&R (Doc. 52); and on July 24, 2019, Respondent David Shinn filed his response to Petitioner's objections (Doc. 56). For the following reasons, the Court adopts the R&R, denies the Supplemental Petition, and instructs the Clerk of Court to close this case.

### Legal Standard

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party makes a timely objection to a magistrate judge's recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] . . . to which objection is made." *Id.* The statute, however, does not "require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In fact, the Court is not required to conduct "any review . . . of any issue that is not the subject of an objection." *Id.* at 149.

**Supplemental Petition**

In his Supplemental Petition for Writ of Habeas Corpus, Petitioner asserts he was deprived of effective assistance of counsel because his attorney failed to notify him of a plea offer that would have limited his prison time to eight years.  (Doc. 29 at 7-18)  Petitioner alleges that he would have accepted such an offer were he aware of it.  *Id.* at 10.  Instead, Petitioner contends he chose to go to trial, was convicted on charges of possession of marijuana for sale and possession of drug paraphernalia (Doc. 11-1 at 4) and—due to the facts that he had two prior felony convictions and was on parole when he committed the crimes—was given a sentence of 15.75 and 3.75 years imprisonment to run concurrently, *id.* at 7.

The crux of Petitioner's argument is that, in reviewing his second Rule 32 petition for post-conviction relief ("PCR Petition"), the State court misapplied the ineffective assistance of counsel ("IAC") standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  (Doc. 29 at 8-12)  Petitioner argues the court's application of *Strickland* was unreasonable for two reasons.  First, the court made findings of fact based on false, misleading, and incomplete evidence presented at the evidentiary hearing.  *Id.* at 5-7.  Second, the court used the wrong test for prejudice.  *Id.* at 8-12.  Petitioner also argues he has proffered clear and convincing evidence which demonstrates that the State court's factual determinations (that he failed to convince the court that his counsel failed to inform him about the eight-year plea offer and that he failed to convince the court he would have accepted the plea) were erroneous.  *Id.* at 11-12.

**Report and Recommendation**

In the R&R (Doc. 48), Magistrate Judge Ferraro concluded that Petitioner failed to put forth clear and convincing evidence that the State court's factual determinations were incorrect, *id.* at 15.  He also determined that Petitioner failed to establish that the court's application of *Strickland* was unreasonable.  *Id.* at 18.  Lastly, Magistrate Judge Ferraro found that Petitioner's attempt to raise a claim of ineffective assistance of Rule 32 counsel was improper, as the claim was unexhausted.  *Id.* at 17-18.

1    In recommending the Court deny Petitioner's supplemental petition, Magistrate

2  Judge Ferraro reiterated that, "[u]nder § 2254's unreasonable application clause, a federal

3  habeas court may not issue the writ simply because that court concludes in its independent

4  judgment that the relevant state-court decision applies clearly established federal law

5  erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 9

6  (internal quotation marks and citation omitted). The Magistrate Judge defined

7  unreasonableness as "so lacking in justification that there was an error well understood and

8  comprehended in existing law beyond any possibility for fair[-]minded disagreement." *Id.*

9  (internal citation omitted).

10    With regard to reviewing factual determinations of State courts, Magistrate Judge

11  Ferraro observed that "[t]he federal habeas court presumes the state court's factual

12  determinations are correct, and the petitioner bears the burden of rebutting this presumption

13  by clear and convincing evidence." *Id.* at 10 (internal citations omitted). The Magistrate

14  Judge also highlighted the fact that, under AEDPA, the pivotal question for the district

15  court to determine was whether the State court's application of the *Strickland* standard was

16  unreasonable. *Id.* at 11. That analysis, Magistrate Judge Ferraro observed, "is different

17  from asking whether . . . counsel's performance fell below *Strickland's* standard." *Id.*

18  (internal citation omitted). He added that "[i]n determining whether the state courts'

19  resolution of a claim [is] contrary to, or an unreasonable application of, clearly established

20  federal law, this Court must review the last reasoned state court judgment addressing the

21  claim. [In so doing,] [t]he reviewing federal court is to be particularly deferential to [its]

22  state court colleagues." *Id.* at 10 (internal quotation marks and citations omitted).

23    The Magistrate Judge reviewed the evidentiary hearing transcripts and

24  recommended that Petitioner's supplemental petition be denied. Magistrate Judge Ferraro

25  found that the State court's determinations: (i) that counsel's testimony asserting he

26  informed Petitioner about the eight-year plea offer was more credible than Petitioner's

27  testimony; and (ii) that the eight-year plea offer had been withdrawn by the time of

28  Petitioner's *Donald* hearing, were entitled to deference. *Id.* at 15. The factual

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

determinations were entitled to deference because Petitioner failed to present clear and convincing evidence that the determinations were erroneous. *Id.* at 16. Magistrate Judge Ferraro's findings were bolstered by the evidence presented in State court. He concluded:

> [Counsel's] affidavit [swearing he was unaware that the eight-year plea offer was back on the table before Petitioner's *Donald* hearing] is insufficient to establish that the trial court's determination that the eight-year . . . plea [offer] had been withdrawn by the time of Petitioner's *Donald* hearing on March 28, 2011, is unreasonable. *Taylor v. Maddox,* does not persuade this Court otherwise. In *Taylor*, the Ninth Circuit determined that the state courts were "objectively unreasonable" in their factual finding that the petitioner's confession was lawfully and voluntarily obtained, where the state trial court and the appellate court neither mentioned nor considered the testimony of a highly probative witness who corroborated the petitioner's testimony that his confession was coerced. Here, the trial court heard testimony from both [counsel] and Petitioner. The trial court weighed the credibility of the two witnesses and determined that [counsel] was more credible that (sic) Petitioner. As such, the trial court determined that Petitioner did not meet his burden under *Strickland*.

*Id.* (internal citations omitted).

In addition to the conclusion that the State court was not objectively unreasonable in its factual determinations, Magistrate Judge Ferraro also determined that the ineffective assistance of Rule 32 counsel claim that Petitioner attempted to raise in his reply was improper and unexhausted. *Id.* at 17. The claim was improper because Petitioner admitted he failed to present the claim in State court. *Id.* Magistrate Judge Ferraro also rejected Petitioner's argument that *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), provide a federal court with the authority to rule upon an unadjudicated claim. *Id.* While recognizing that *Martinez* created an exception for IAC claims when State law provides those claims must be raised in an initial-review collateral proceeding, Judge Ferraro cautioned that Petitioner's ineffective assistance of Rule 32 counsel claim, made for the first time in his reply, did not fit the exception. *Id.* at 18. As such, Magistrate Judge Ferraro declined to entertain the claim.

**Objections to Report and Recommendation**

As Respondent emphasizes, Petitioner's sole objection to the R&R is Magistrate Judge Ferraro's denial of his attempt to raise a claim of ineffective assistance of postconviction counsel in his Reply to Respondent's Answer to Supplemental Petition. *See* Doc. 52 at 4-11.  Petitioner asserts Attorney Robert Murray represented him at trial, direct appeal, and in his first petition for postconviction relief.  *Id.* at 5. As such, Petitioner contends his PCR Petition constitutes an initial-review collateral proceeding.  *Id.*  Petitioner argues *Martinez* allows new claims of ineffective assistance of trial counsel for the first time on federal habeas review, even if State postconviction relief counsel raised other claims of ineffective assistance of trial counsel.  *Id.*  He then argues this Court should permit discovery and hold an evidentiary hearing to determine whether there was cause under *Martinez* for his procedural default and to determine, if the default is excused, whether there had been ineffective assistance of trial counsel.  *Id.* at 6.

Petitioner claims the Ninth Circuit has been the only circuit court of appeals to hold that postconviction counsel's failure to raise a claim of ineffective assistance of appellate counsel can be cause to excuse a State-court procedural default.  Accordingly, he argues his claim of ineffective assistance of postconviction counsel should be allowed to proceed to habeas review.  *Id.* at 7.

**Analysis**

The Magistrate Judge determined that Petitioner's claim of ineffective assistance of post-conviction counsel was unexhausted and procedurally barred from federal habeas review.  (Doc. 48 at 17-18).  Assuming *arguendo* Petitioner is correct and his claim of ineffective assistance of post-conviction counsel is procedurally sound, his claim still fails under a merits-based analysis.  *See Jones v. Schriro*, 450 F. Supp. 2d 1047, 1058-59 (D. Ariz. 2006) ("Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims") (internal citation omitted), *rev'd on other grounds by Jones v. Ryan*, 583 F.3d 626 (9th Cir. 2009).  As the R&R indicates, and the PCR court instructed, "[A] non-pleading

1   defendant has 'no constitutional right to . . . effective assistance in post-conviction

2   proceedings." (Doc. 42 at 6) (internal citation omitted).  In *Osterkamp v. Browning*, 250

3   P.3d 551 (Ariz. Ct. App. 2011), the Arizona Court of Appeals weighed in on procedurally

4   defaulted claims of ineffective assistance of postconviction counsel.  It ruled:

> Our interpretation of . . . [Rule 32.4(a)] is consistent with case law that
> characterizes the pleading defendant's first post-conviction proceeding as the
> equivalent of a non-pleading defendant's appeal and acknowledges the
> pleading defendant's right to the effective assistance of counsel in that
> proceeding. By comparison, a non-pleading defendant is entitled to a direct
> appeal with the assistance of counsel and has the parallel right to challenge
> the effectiveness of appellate counsel in what will usually be his or her first
> post-conviction proceeding. But, *the non-pleading defendant has no
> constitutional right to . . . effective assistance in post-conviction proceedings*;
> although the non-pleading defendant has the right to effective representation
> on appeal, *he has no valid, substantive claim under Rule 32 for ineffective
> assistance on a prior [post-conviction relief] petition.*

*Osterkamp*, 250 P.3d at 556 (emphasis added).

There is nothing in Petitioner's supplemental petition (Doc. 29), reply to
Respondent's answer to supplemental petition (Doc. 43), or objection to report and
recommendation (Doc. 52) that argues otherwise.  What Petitioner argues—in a confusing,
circuitous, and unnecessary manner—is that the ineffectiveness of his second Rule 32
counsel (Nicholas Hayer) provides cause for the court to entertain his otherwise
procedurally defaulted claim of ineffective assistance of trial counsel via an evidentiary
hearing under the Supreme Court's ruling in *Martinez v. Ryan*, 566 U.S. 1, 10-14 (2012).
(D. 43 at 2-4)  Petitioner's argument is moot, however, because this Court already ruled
that he could raise his claim of ineffectiveness of trial counsel in a supplemental petition
(Doc. 27 at 3-5), and Magistrate Judge Ferraro analyzed that claim on its merits (Doc. 48
at 10-16).  Finally, in *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017), the Supreme Court
reiterated:

> An attorney error does not qualify as 'cause' to excuse a procedural default unless the error amounted to constitutionally ineffective assistance of counsel. Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default.

*Id.* (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).

Since the claims in Petitioner's supplemental petition are denied on both procedural and substantive grounds—as thoroughly explained by the Magistrate Judge—Petitioner's Supplemental Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is DENIED.

### Certificate of Appealability

Before Petitioner can appeal the Court's judgment, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant.") Under 28 U.S.C. § 2253(c)(2), a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." The certificate must indicate which specific issue or issues satisfy this showing. 28 U.S.C. § 2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and the district court was correct in its procedural ruling. *Id.*

Upon review of the record, and in light of the aforementioned standards, the Court concludes that a certificate shall not issue, as the resolution of the petition is not debatable among reasonable jurists. Any future request for a COA must be addressed to the United States Court of Appeals for the Ninth Circuit. *See* Fed. R. App. P. 22(b).

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 48) is ADOPTED.

2. Petitioner's Supplemental Petition (Doc. 29) is DENIED.

3. A Certificate of Appealability shall not issue.

4. The Clerk of Court shall enter judgment accordingly and close this file.

Dated this 17th day of July, 2020.

Honorable Cindy K. Jorgenson
United States District Judge